**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0036n.06
Filed: January 12, 2005

**No. 03-6228**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WARREN N. MAYBERRY, | ) | |
| | ) | |
| Petitioner-Appellant; | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **EASTERN DISTRICT OF KENTUCKY** |
| JOHN MOTLEY, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before: MOORE and GIBBONS, Circuit Judges; MILLS, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Warren N. Mayberry, a Kentucky prisoner

proceeding pro se, appeals the district court order denying his petition for a writ of habeas corpus.

*See* 28 U.S.C. § 2254. In 2000, a jury convicted Mayberry of murder. The court sentenced him to

life in prison. The Kentucky Supreme Court affirmed the conviction and sentence in February 2002.

Mayberry filed his petition for a writ of habeas corpus in August 2002, raising eight claims. The

magistrate judge recommended denying the petition on the merits. The district court adopted the

magistrate judge's report and recommendation over Mayberry's objections, denied the petition, and

granted Mayberry a certificate of appealability with respect to two claims: (1) the trial court violated

his due process rights by admitting a prior statement by a juvenile witness to refresh the witness'

---

[*]The Honorable Richard Mills, United States District Judge for the Central District of
Illinois, sitting by designation.

1

recollection; and (2) the trial court improperly admitted a prior statement that Mayberry gave to the police. The district court and this court denied Mayberry a certificate of appealability on the remaining claims.

On appeal, Mayberry argues the merits of the two claims certified for appeal.

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir. 1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented" to the state courts. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Mayberry was convicted of murdering Brian Muncie at a bar in Lexington, Kentucky, in June 1998. Mayberry was born on August 20, 1980, and so was a juvenile at the time of the crime. *See* Ky. Rev. Stat. § 610.010. As part of their investigation, the police questioned Mayberry and his friend, sixteen-year-old Michael Jackson. Jackson gave a statement to the police but initially refused to testify at trial. When he did take the stand, he was uncooperative and claimed that he did not remember the events of the night in question. The trial court permitted the prosecution, with defense

2

counsel's agreement, to play a tape-recording of the statement that Jackson gave to the police. In the statement, Jackson identified Mayberry as the murderer. The Kentucky Supreme Court upheld the trial court's decision to admit the statement. The court held that, to the extent the police may have violated the juvenile code, Mayberry could not base his claim on Jackson's rights. The court further noted that the jury was free to weigh the evidence and disbelieve Jackson's statement if they thought it was coerced.

We agree with the district court that the Kentucky Supreme Court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. The admission of Jackson's statement did not deny Mayberry a fair trial. *See Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000) ("[A] violation of a state's evidentiary rule warrants habeas corpus relief only when such violation results in the denial of fundamental fairness, and concomitantly, a violation of due process."). As the state court found, the jurors could have chosen to disregard Jackson's taped statement if they believed it was coerced or unreliable. Moreover, there was other evidence linking Mayberry to the crime. First, after denying any involvement in the crime, Mayberry asked the police what would happen to him if he told the truth. Second, ballistic evidence linked Mayberry to the shooting. Finally, a witness saw Mayberry with a gun shortly before the murder and saw him run away from the scene of the crime just after the shooting. While Jackson's testimony was damaging, the state court's conclusion that Jackson's evidence was not a crucial factor in the jury's decision was not objectively unreasonable.

The district court also properly denied Mayberry's claim that the introduction of his statement to the police violated his due process rights. The police had difficulty locating Mayberry for questioning. They contacted his mother and she gave them permission to question Mayberry

3

about the murder without her being present. When the police found him, Mayberry told them not to call his mother. Nevertheless, the police tried to notify his mother for two hours. They informed Mayberry of his *Miranda* rights and began questioning him. After first denying any involvement in the killing, Mayberry asked what would happen if he told the truth.

Kentucky Revised Statute § 610.200(1) provides that when a juvenile is taken into custody, a parent or guardian should be notified and given an account of the charges against the child. Mayberry relies on a technical violation of § 610.200 to argue that his statement was admitted in violation of his right to due process. However, a technical violation alone does not warrant the suppression of Mayberry's statement. *See Murphy v. Commonwealth*, 50 S.W.3d 173, 184-85 (Ky. 2001) (holding that violation of Ky. Rev. Stat. Ann. § 610.200 due to failure to contact juvenile's parents did not require suppression of juvenile's confession in prosecution of the juvenile as an adult for kidnapping, burglary, and assault, where juvenile had been advised of his *Miranda* rights before he confessed and there was no evidence the confession was involuntary). The Kentucky Supreme Court correctly held that the police did everything within their power to comply with the juvenile code, that Mayberry was not harmed by any errors the police might have made, and that there was no indication that Mayberry's statement was involuntary.

Mayberry did not rebut the presumption that the state court's findings of fact were correct, and the state court's resolution of the issue was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. Given Mayberry's age and the circumstances of his questioning, there is no showing that the police coerced Mayberry or that he did not understand the nature of his rights and the consequences of waiving those rights. *See, e.g., Fare v. Michael C.*, 442 U.S. 707, 725 (1979).

4

For the foregoing reasons, we affirm the district court's decision.